UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAJUN CONSTRUCTORS, INC.

VERSUS

ECOPRODUCT SOLUTIONS, LP, ET AL

CIVIL ACTION

NO. 10-769-JJB

## RULING ON MOTION FOR RECONSIDERATION

Before the Court is a Motion for Reconsideration (Doc. 60) filed by Trustee David J. Askanase ("the Bankruptcy Trustee") and Plaintiff Cajun Constructors, Inc., seeking that the Court vacate its order remanding the case (Doc. 58) and transfer the case to the Southern District of Texas. Syngenta Crop Protection, LLC, f/k/a Syngenta Crop Protection, Inc., opposes the Motion (Doc. 66). Oral argument is unnecessary.

I. Facts

This case involves a state law contract dispute between two Louisiana companies. Cajun is a large industrial contractor, and Syngenta produces compounds for agricultural use. In 2003 or 2004, Syngenta was approached by individuals who asserted they could make the chemical compounds Syngenta produces into a marketable liquid. These individuals eventually formed an entity called EcoProduct, and EcoProduct entered into a detailed agreement with Syngenta to lease some of Syngenta's property in order to build a plant. EcoProduct contracted with Cajun for various construction services and allegedly did not pay invoices totaling around $1.5 million.

Cajun filed suit against EcoProduct and Syngenta in Louisiana state court on October 13, 2006. EcoProduct attempted to remove the case to this Court, but removal was rejected and the case remanded. EcoProduct eventually filed for bankruptcy in Houston, Texas, its headquarters. Based on EcoProduct's bankruptcy filing, Syngenta removed this case to this Court so that it could then "seek to transfer the removed state court action to the Federal Court for the Southern

1

District of Texas." Cajun ended up filing a Motion to Transfer Venue to the Southern District of Texas pursuant Title 28 Section 1412 or Title 28 Section 1404(a). Syngenta subsequently dismissed its claims against EcoProducts' bankruptcy estate, and opposed transfer of the case. On August 13, 2012, this Court ruled *sua sponte* for the case to be remanded to state court under Title 28 Section 1452(b), which governs remand of claims related to bankruptcy cases. The ruling dismissed the motion to transfer venue as moot. Cajun and the Bankruptcy Trustee now seek reconsideration of that ruling.

## II.     Jurisdiction

The Court must first evaluate whether it has jurisdiction to reconsider the remand order. Cajun and the Bankruptcy Trustee assert that the Court has jurisdiction since the remand order was issued under Section 1452(b). Section 1452(b) provides in relevant part:

> An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Cajun and the Bankruptcy Trustee claim this differs significantly from the general removal statute, Title 28 Section 1447(d). Section 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

Cajun and the Bankruptcy Trustee argue that review of remand orders under Section 1452(b) is allowed since the statute states a remand order under this statute "is not reviewable by appeal or

2

otherwise by the court of appeals . . . or by the Supreme Court of the United States," but does not prohibit review by a district court. They contrast this language with the language in Section 1447(d), which prohibits review "on appeal or otherwise," which they admit bars a district court from reconsidering a remand order. *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986). They argue that the plain language of Section 1452(b) does not support the same conclusion.

Syngenta argues that the Court does not have jurisdiction, focusing on cases evaluating Section 1447(d). Although Section 1447(d) and Section 1452 coexist in the bankruptcy context, Section 1447(d) does not apply here. *See Things Remembered*, 516 U.S. at 129 ("There is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context."). Section 1447(d) only applies when remand occurred based on the stated grounds in Section 1447(c)—a defect in removal procedure—which was not the reasoning in the instant case. *Id.* at 127, 128 n. 3.

*Pio v. General Nutrition Companies, Inc.*, 488 F. Supp. 2d 714, 717 (N.D. Ill. Mar. 2, 2007) addresses this issue, citing cases which held review is prohibited under Section 1447(d), and holding that the rationale also applies to Section 1452(b). *Pio* decided this based on what it found to be the purposes of the statutes. *Id.* In further support of its decision, *Pio* construed Section 1452(b) similarly to the way courts have construed Section 1447(d), concluding that if a remand determination is "grounded in the language of the statute (permitting remand on any equitable ground) it does not fall into the class of extra-statutory discretionary remands that permit appeal." *Id.* at 718–19. Rather than engaging in the imperfect task of discerning the purpose of the statutes, or construing Section 1452(b) similarly to Section 1447(d),[1] this Court

---

[1] The language of Section 1452(b) does not indicate that it should be construed similarly to Section 1447(d). Nor do the cases cited in *Pio*.

3

finds it appropriate to first try and determine the meaning of the statute based on its plain language.

"[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000). "When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). Section 1452(b) specifically refers only to the court of appeals and the Supreme Court. The plain language of the statute dictates that review is not precluded by district courts. If Congress intended to preclude review by district courts, it could have included language to that effect. If it intended to preclude review by any entity, it could have used the language it used in other statutes, such as Section 1447(d), by using the all-encompassing language that a remand order to state court "is not reviewable on appeal or otherwise." Since it did not, this Court must give effect to the plain language of the statute, and concludes that jurisdiction exists to reconsider the remand order.[3]

### III. Reconsideration

Although courts are concerned with principles of finality and judicial economy, "the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Georgia Pacific, LLC v. Heavy Machines, Inc.*, No. 07-944, 2010 U.S. Dist. WL 2026670, at *2 (M.D. La. May 20, 2010). However, a motion for reconsideration based upon the same

---

[2] A number of district courts have determined that Section 1452(b) allows review by district courts of bankruptcy court decisions. *The Farmers Nat'l Bank of Opelika v. Robertson (In re Robertson)*, 258 B.R. 470, 472 (M.D. Ala. Feb. 5, 2001); *BancBoston Real Estate Capital Corp. v. JBI Assoc. Ltd. P'ship (In re Jackson Brook Institute, Inc.)*, 227 B.R. 569, 574–75 (D. Maine Nov. 24, 1998); *Dickinson v. Duck (In re Borelli)*, 132 B.R. 648, 649–50 (N.D. Cal. 1991). Although this is not the issue in the instant case, these decisions are in line with this Court's decision that Section 1452(b) does not prohibit review by district courts.

[3] Syngenta puts forth another argument that is similar to its jurisdictional challenge, asserting that that the remand order is not reviewable. The jurisdiction decision above answers this question. This Court may review the remand order.

4

arguments only serves to waste the valuable resources of the court. *Id.* "[R]ulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *State of La. v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995).

Cajun Constructors and the Bankruptcy Trustee have not presented the court with substantial reasons for reconsideration. The Court finds that remand was proper based on the reasons stated in the remand order (Doc. 58).

IV. Conclusion

Accordingly, Trustee David J. Askanase and Plaintiff Cajun Constructors, Inc.'s Motion for Reconsideration (Doc. 60) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 3, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**